**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION - CINCINNATI**

| | | |
|---|---|---|
| ESTATE OF MARISA BLESS, | : | Case No. 1:23-cv-448 |
| Plaintiff, | : | Judge Matthew W. McFarland |
| v. | : | |
| WARREN COUNTY BOARD OF COMMISSIONERS, et al., | : | |
| Defendants. | : | |

**ORDER AND OPINION**

This matter is before the Court on the Notice (Doc. 25), filed by Defendants Wellpath, LLC and Amy Rose, in which they, among other things, request that they be dismissed from this case. Plaintiff filed a Response in Opposition (Doc. 26) to Defendants Wellpath and Rose's Notice, to which Defendants Wellpath and Rose filed a Reply in Support (Doc. 27). The parties also filed two Joint Status Reports (Docs. 28, 29) which provide further details about the issues addressed in the Notice and subsequent briefing. This matter is thus ripe for the Court's review. For the following reasons, the Court **GRANTS IN PART AND DENIES IN PART** the request by Defendants Wellpath and Amy Rose to be dismissed from this case.

**BACKGROUND**

On May 30, 2025, Defendants Wellpath, LLC and Amy Rose filed a Notice (Doc. 25). In their Notice, Defendants Wellpath and Rose (1) give notice that the automatic stay

provisions of 11 U.S.C. § 362(a) have been lifted in Defendant Wellpath's Chapter 11 bankruptcy case in the U.S. District Court for the Southern District of Texas, (2) assert that both Defendants Wellpath and Rose have been discharged as potential debtors pursuant to Defendant Wellpath's First Amended Chapter 11 Plan of Reorganization, *In re Wellpath Holdings, Inc., et al.*, No. 24-90533 (Bankr. S.D. Tex. Apr. 30, 2025) (hereinafter referred to as the "Bankruptcy Plan"), and (3) request that both Defendants Wellpath and Rose be dismissed from the instant action. (Notice, Doc. 25, Pg. ID 175–76.) Plaintiff filed a Response in Opposition (Doc. 26) to Defendants Wellpath and Rose's request to be dismissed from this case, to which Defendants Wellpath and Rose filed a Reply in Support (Doc. 27).

While the parties provided little in terms of applicable law in their briefing, they indicated in a Joint Status Report (Doc. 28) that this matter is ripe for the Court's review, characterizing Defendants Wellpath and Rose's Notice as a "Motion to Dismiss." (*See* First Joint Status Report, Doc. 28, Pg. ID 375.) The Court subsequently ordered the parties to submit another joint status report, specifically addressing whether Plaintiff has opted out of the third-party release included in the Bankruptcy Plan. (*See* 5/27/2026 Notation Order.) The parties then filed another Joint Status Report (Doc. 29), in which Plaintiff indicated that it did not opt out of the third-party release included in the Bankruptcy Plan. (*See* Second Joint Status Report, Doc. 29, Pg. ID 378–79.) Plaintiff also requested the ability to submit further briefing on this matter, although the parties, including Plaintiff, had previously indicated that this matter was fully briefed and ripe for the Court's review. (*Id.*; First Joint Status Report, Doc. 28, Pg. ID 375.)

**LAW & ANALYSIS**

The Notice (Doc. 25) filed by Defendants Wellpath and Rose has been pending for well over a year, all parties have had ample opportunity to brief the issues in this matter, and the parties indicated that this matter is ripe for the Court's review. (*See* First Joint Status Report, Doc. 28, Pg. ID 375.) Accordingly, the Court finds it appropriate to adjudicate this matter based on the briefing and status reports before it. The Court thus proceeds to the issues outlined in the Notice (Doc. 25), as well as the subsequent briefing and status reports.

As outlined above, Defendants Wellpath and Rose request that they be dismissed from this case, as they were both discharged as potential debtors pursuant to the Bankruptcy Plan. (Notice, Doc. 25, Pg. ID 175-76.) The Bankruptcy Plan includes two provisions that are relevant here. First, the Bankruptcy Plan discharges claims against Defendant Wellpath and bars creditors from "continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such claims or interests[.]" (Bankruptcy Plan, Doc. 25, Pg. ID 315.) Second, certain "releasing parties," including "an incarcerated individual that does not affirmatively elect to opt out[,]" are deemed to have "conclusively, absolutely, unconditionally, irrevocably, and forever, released and discharged . . . any and all claims, interests, damages, remedies, [and] causes of action . . . based on or relating to, or in any manner arising from, in whole or in part . . . [Wellpath's] business operations. . . ." (*Id.* at Pg. ID 313.)

"Except as otherwise provided . . . in the plan, . . . the confirmation of a [bankruptcy] plan . . . discharges the debtor from any debt that arose before the date of such confirmation[.]" 11 U.S.C. § 1141(d)(1)(A). Such a discharge "not only releases or voids any past or future judgments on the discharged debt; it also operates as an injunction prohibiting creditors from attempting to collect or to recover the debt." *Harrington v. Purdue Pharma L.P.*, 603 U.S. 204, 215 (2024) (cleaned up). Therefore, consistent with the provisions of the Bankruptcy Plan, any liability by Defendant Wellpath to Plaintiff has been discharged.

As for the Bankruptcy Plan's release of third parties, the Court is mindful of the Supreme Court's warning in *Harrington* that "a discharge operates only for the benefit of the debtor against its creditors and 'does not affect the liability of any other entity.'" *Harrington*, 603 U.S. at 215 (citing 11 U.S.C. § 524(e)); *see also McLemore v. Cnty. of Mahoning*, No. 4:23-CV-1144, 2025 U.S. Dist. LEXIS 254261, at *9 n.5 (N.D. Ohio Dec. 9, 2025) (discussing the questions raised by *Harrington* regarding opt-out releases). But, the Bankruptcy Plan here specifically releases claims against non-debtors, like Defendant Rose (who was employed by Defendant Wellpath and acting within the scope of her employment during the time of Plaintiff's allegations), unless a creditor, like Plaintiff, opted out by July 30, 2025. (Bankruptcy Plan, Doc. 25, Pg. ID 180, 263, 313; Compl., Doc. 1, ¶¶ 4, 14, 20.) Plaintiff indicates that it did not opt out of the third-party release included in the Bankruptcy Plan. (*See* Second Joint Status Report, Doc. 29, Pg. ID 378–79.) Therefore, again consistent with the Bankruptcy Plan, any liability by Defendant Rose to Plaintiff has been discharged.

Plaintiff argues that even if the liability of Defendants Wellpath and Rose has been discharged, dismissal would not be appropriate, as "Plaintiff has a right to establish nominal liability against a discharged debtor in order to collect from a debtor's insurer." (Response, Doc. 26, Pg. ID 331.) "[I]t is well settled that a tort victim may sue a debtor as a nominal defendant after the debtor is discharged from bankruptcy, as long as the suit is purposed solely to establish the debtor's liability in order to effect recovery from an insurer." *Mauriello v. Great Am. E & S Ins. Co.*, 554 F. App'x 382, 384 (6th Cir. 2014) (cleaned up). But, the Bankruptcy Plan specifically precludes this Court from maintaining Defendant Wellpath as a nominal defendant—instead, the Bankruptcy Plan provides that the proper entity to pursue in a nominal capacity is Wellpath's Liquidating Trust. (Bankruptcy Plan, Doc. 27, Pg. ID 342.) Accordingly, while Plaintiff can maintain Defendant Rose as a nominal defendant in this action, it cannot maintain Defendant Wellpath as a nominal defendant. At this junction, Plaintiff has two options as it relates to establishing the nominal liability of Defendant Wellpath: (1) Plaintiff may proceed in the United States Bankruptcy Court for the Southern District of Texas pursuant to the Bankruptcy Plan's alternative dispute resolution procedures, or (2) Plaintiff may litigate against Wellpath's Liquidating Trust as a nominal party in this action for the purpose of establishing liability. *See Nelms v. Wellpath, LLC,* No. 21-10917, 2026 U.S. Dist. LEXIS 28450, at *5–7 (E.D. Mich. Feb. 11, 2026) (promulgating this approach and collecting cases).

## CONCLUSION

For the foregoing reasons, the Court **ORDERS** the following:

1. Defendants Wellpath, LLC and Amy Rose's request to be dismissed as defendants in this action, included in their Notice (Doc. 25), is **GRANTED IN PART AND DENIED IN PART**;
2. Plaintiff's claims against Defendant Wellpath, LLC are **DISMISSED** without prejudice to Plaintiff's right to seek any appropriate relief in the United States Bankruptcy Court for the Southern District of Texas or to substitute the Liquidating Trust as a nominal defendant here;
3. Plaintiff's claims against Defendant Amy Rose **SHALL PROCEED** for the sole purpose of determining her liability in order to effect recovery from an insurer; and
4. The remaining parties **SHALL FILE** an amended Rule 26(f) Report within 14 days of this Order.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: Matthew W. McFarland
JUDGE MATTHEW W. McFARLAND